GEORGE A. RUMSEY *v.* HENRY J. NELSON.

*Negligence.   Servant.   Pleading.   Animals.*

1.  A writ states a cause of action, when it is alleged in substance that the plaintiff,
    without fault, while lawfully travelling in the highway, was injured by the
    defendant's horse, which had been so negligently hitched by his servant that it
    broke away and ran into the wagon in which plaintiff was riding.
2.  In such a case, the question is not whether the defendant knew that the horse
    had a propensity to break his fastenings, but whether the servant, under the
    circumstances, exercised the care of a prudent man in hitching the horse.
3.  It was proper to consider the character of the horse as bearing on the question of
    negligence.

TRESPASS on the case.   Trial by jury, April Term, 1885,
TAFT, J., presiding.   Verdict for the plaintiff.

The defendant's fourth request was: "It does not follow
as a matter of law that a neglect to hitch the horse was
negligence; nor can it be said as matter of fact that that
was negligence.   That would depend upon the habits of the
horse in this respect."

The tenth request was: "That if the jury find that the
horse was hitched in a way that was sufficient and prudent
for a horse which had no habit of breaking away, the plaint-
iff cannot recover under the third count; because that
count contains no allegation that the horse was different
from ordinary horses as to habit of breaking away, or that
the defendant knew he had any such habit."

The court charged the jury in part:

" It is a question that you must determine, whether there was any negligence or not; and in doing it you should take into consideration the character and what I have said in reference to the horse and the habits of the horse with reference to the matters in question. He was not required to take any what may be called unusual precaution. He would be required to take such precaution as a prudent man would under the same circumstances, with reference to the place and the horse which he was leaving; and there is not any presumption that the defendant knew anything about the particular habits of the horse."

Before judgment the defendant filed a motion in arrest of judgment and claimed under it, that the declaration contained no sufficient allegation of negligence, nor that the horse had any habit that required any special kind of hitching, which motion was overruled, and judgment was rendered on the verdict.

The other facts are sufficiently stated in the opinion of the court.

*William G. Shaw* and *Roberts & Roberts*, for the defendant.

To sustain the action, it was necessary both to allege and prove that the horse had a propensity to break away from his fastenings, and that this fact was known to the defendant. 1 Chit. Pl. 81; 2 Id. 680; *Decker* v. *Gammon*, 44 Me. 328; *Vrooman* v. *Lawyer*, 13 Johns. 339; *Buxendin* v. *Sharp*, 2 Salk. 662; *Mason* v. *Keeling*, 12 Mod. 332; *Holden* v. *Shattuck*, 34 Vt. 336; *Kennedy* v. *Morgan*, 57 Vt. 46; *Sweeny* v. *Old Col. & N. R. R. Co.* 10 Allen, 372.

*H. S. Peck* and *W. L. Burnap*, for the plaintiff.

The question was whether the defendant, through his servant, was guilty of negligence. Did he act as prudent men generally act under similar circumstances? *Smith* v. *Eastern R. R. Co.* 35 N. H. 357; *Wilson* v. *Coffin*, 2 Cush. 316.

If an animal has no known mischievous propensity, and its owner is guilty of negligent management, no *scienter* need be proved or alleged. Shearm. & Redf. Neg. 187; Whart. Neg. 47, 97; 1 Chit. Pl. 82, 388; *Dickson* v. *McCoy*, 39 N. Y. 400; *Goodman* v. *Gay*, 15 Pa. St. 188.

The opinion of the court was delivered by

ROYCE, Ch. J. The averments in the count upon which the verdict and judgment were rendered were in substance, that upon the day named the plaintiff was lawfully riding in his wagon over and upon a certain highway in Burlington, and that the defendant, being the owner of a certain horse and wagon, then and there being under the control and management of his servant, that said horse was by said servant left so carelessly, negligently, and insecurely tied and hitched and unattended, that, in consequence thereof, he broke away with said wagon and ran violently into and struck with much force and violence the wagon in which the plaintiff was riding; that without fault or negligence upon his part he was thrown out and upon the ground and injured in the manner therein described.

The question presented by the motion in arrest is, whether a cause of action is stated in that count. It is averred that while the plaintiff was in the exercise of a lawful right, without fault or negligence upon his part, he received the injuries described, in consequence of the negligence of the defendant in the control and management of his horse. No further averments were required to constitute a cause of action, and the motion was properly overruled.

The counsel for the defendant have assumed that the right of recovery is dependent upon proof that the defendant's horse had a propensity to break his fastenings and run, and that that propensity was known to the defendant. No such issues were made by the pleadings or proofs.

The plaintiff's right is not based upon the duty of the defendant to control an animal known by him to possess such

propensities, but upon his duty to so restrain an animal not known by him to have any such vices, that he should be reasonably secure from injury resulting from his negligence.

He simply invokes the application of the maxim: *Sic utere tuo ut alienum non laedas.* The previous character of the horse was only material as bearing upon the question of negligence. As was said by the presiding judge, that might be considered as negligence in the fastening or leaving unattended one horse, that would not be so considered in another. And so it was proper for the court to instruct the jury that they might consider the character of the horse as shown, in passing upon the question of negligence.

The court rightly instructed the jury as to the care and prudence that should have been observed in the hitching and management of the horse, and that if such care and prudence were not exercised, and the horse ran in consequence of that neglect, and came into collision with the plaintiff, and the injury he sustained was the result of that negligence, he had a right to recover.

Assuming that the tenth request was so made and left by counsel that an exception would lie to the refusal of the court to notice it (which is not decided), the charge upon the subject-matter of the request was legal in character and as full as he was required to make it. There is no occasion to criticise or remark upon the numerous cases cited and relied upon by the learned counsel for the defendant, any further than to observe that in our judgment they can have no application to this case as it is shown by the record.

The judgment is affirmed.