# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BOWEN v. FLANAGAN.

### JANUARY 12th, 1888.

#### Absent, Lewis, P.

NEGLIGENT INJURIES—*Unattended team—Case at bar.*—Plaintiff, on a railroad velocipede, was proceeding along the track towards its intersection with a street, when he saw a mule and cart standing in the street near the track. He reduced his speed to two miles an hour. When he reached the street, the mule, which was unattended by defendant's servant, having charge thereof, which fact plaintiff did not perceive, ran over and injured plaintiff:

HELD:

    Defendant is liable in damages.

2. INSTRUCTIONS—*Improper.*—It is established doctrine that a trial court should not give instructions which are irrelevant, or on abstract questions of law, not based on any evidence in the case and calculated to mislead the jury.

3. IDEM—*Proper.*—An instruction is proper which directs the jury to find for defendant unless they believe the injury to plaintiff was caused by defendant's servant, and that the injury could have been avoided by the exercise of such care as a reasonably prudent person should exercise under the circumstances.

Error to judgment of circuit court of city of Richmond, rendered June 24th, 1886, in an action on the case wherein Richard A. Flanagan was plaintiff, and James Bowen was defendant. At the trial defendant asked for the following instructions:

1st. If the jury believe from the evidence that at the time

of the accident in the declaration mentioned, the plaintiff and the velocipede on which he was riding were on the track and in the employment of the Chesapeake and Ohio railway company, then the jury are instructed that it was the duty of said railway company to have a flagman at the crossing to warn persons passing and repassing, and to prevent any train or vehicle from crossing the track or stopping thereon.

2d. If the jury believe from the evidence that the said velocipede was propelled along said railway by the plaintiff at a greater speed than four miles per hour, then the plaintiff was guilty of negligence.

3d. The plaintiff, in an action for negligence, cannot succeed, if he has been guilty of any negligence or want of ordinary care which contributed to cause the accident.

4th. If the jury shall believe from the evidence that the mule in the declaration mentioned was frightened by the said velocipede, and thereby became unmanageable and escaped from the control of the driver without negligence on his part, then the defendant is not liable.

5th. A citizen on a public highway who approaches a railroad track and neither sees nor hears any indications of a moving train, is not guilty of negligence in assuming that there is no car sufficiently near to make the crossing dangerous.

But the court refused to give any of the said instructions, and instead thereof instructed the jury as follows:

"The jury are instructed that they should find for the defendant, unless they believe from the evidence that the injury to the plaintiff was occasioned by the negligence of the defendant's driver, and if the jury so believe, they should find for the plaintiff, unless they further believe that he might have avoided the accident by the exercise of such care and caution as a reasonably prudent person should have exercised under the circumstances, and if they shall so believe, they should find for the defendant.

"In determining whether the defendant's driver or the plain-

tiff were guilty of any negligence to which the plaintiff's injury can be attributed, they must take into consideration all the evidence in the case."

To which ruling of the court, refusing to give the instructions asked by the defendant, and giving the said instructions of the court, the defendant excepted.

The verdict was for plaintiff. Defendant moved the court to set it aside and award him a new trial, but the court refused, and entered judgment according to the verdict. To which judgment the defendant obtained a writ of error and *supersedeas.* Opinion states the facts.

*Atkinson & Davis, C. A. Bohannon,* and *Jos. Christian,* for the plaintiff in error.

*Meredith & Cocke* and *Sands & Bryan,* for defendant in error.

Hinton, J., delivered the opinion of the court.

This is a very clear case. The action is trespass on the case, to recover damages for injuries sustained in a collision with a mule and cart, under the care and control of the defendant's servant. The jury returned a verdict for the plaintiff of $2,500, upon which judgment was entered, and the effort is now made to overturn that judgment; but it cannot avail. The plaintiff is a "telegraph lineman," and his business is to keep up the batteries and automatic signals. At the time of the accident he was employed by the Chesapeake and Ohio railway company, and was riding upon a railroad velocipede, a vehicle used for purposes of transportation from one part of the road to another in order to avoid the necessity of waiting for the regular trains. The scene of the accident was at the intersection of Seventeenth street and the railroad, in the city of Richmond. When the plaintiff, after he had crossed Eighteenth street, approached Seventeenth street on the Chesapeake

and Ohio railway track, he perceived the mule and cart standing on Seventeenth street, about eight feet from the outside rail of the track nearest Clay street, when he reduced his speed from between three and four miles per hour, the rate at which he had been traveling, to about two miles per hour, and rode on at this reduced speed until he reached the middle of Seventeenth street, when the mule suddenly "started off," crossed the first track, and collided with the plaintiff's velocipede on the second track. By the collision the plaintiff was thrown to the ground; his leg was broken in two places by the wheel of the cart, which passed over it, and it seems probable from the testimony of Dr. Lewis Wheat, the attending surgeon, that he will never be able to resume his former occupation. At the time of the accident, it is perfectly clear, from evidence introduced for the plaintiff, which, as the evidence, and not the facts, is certified, is all that we are permitted to look to under the established rule of this court, that the driver was not with or along side the mule and cart. Upon this evidence, which we must assume the jury credited, and an instruction which correctly propounded the law, the case was submitted to the jury, with the result indicated above; and we think the plaintiff is entitled to retain his verdict. As the evidence shows, the plaintiff did all that the law required of a traveler at a crossing. He reduced his speed to such an extent that a collision might have easily been prevented, if the driver had been present, exercising the care and control of the mule demanded of him by the law under the circumstances. This is all that the plaintiff in error was under any obligation to do. He was not required to actually stop. He had no reason to suppose that the driver was not with his mule, and he was not bound to anticipate that the driver would be negligent in the discharge of his duties. Under these circumstances, it appears to us clear that if the driver had been present exercising the care and control of the mule required of him by the law, the accident could not have happened. The negligence of the

Opinion.

driver, therefore, must be regarded as the proximate cause of the collision, and the injuries which resulted to the plaintiff therefrom.

As to the after-discovered evidence, upon which it is sought to set aside the verdict, it is sufficient to say that in our judgment it is not of such a character. as to justify us in assuming that if it was admitted, it would produce a different result on a new trial. Our conclusion therefore is that the judgment complained of is right, and must be affirmed.

DECREE AFFIRMED.