(21 Misc. Rep. 62.)

### WAGNER v. NEW YORK CONDENSED MILK CO.

(Supreme Court, Appellate Term. June 29, 1897.)

1. NEGLIGENCE—VEHICLES LEFT UNHITCHED IN STREET.
   One who leaves his horse unhitched and unattended in the street is liable for resulting injury to a bicycle standing in the roadway, against the curb, a few feet in front of the horse.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   It was a question of fact whether the owner of the bicycle was negligent in leaving it there without ascertaining that the horse was unhitched and unattended.

Appeal from Thirteenth district court.

Action by Henry Wagner against the New York Condensed Milk Company to recover for injury to a bicycle through defendant's negligence. From a judgment for plaintiff, after trial by the court, without a jury, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thomas M. Rowlette, for appellant.
J. Baldwin Hands, for respondent.

BISCHOFF, J. The defendant's horse, left unhitched and unattended in the street when attached to a wagon which had been halted nearly in front of the plaintiff's premises, started forward of its own accord, and caused an injury to the plaintiff's bicycle, which he had placed, standing against the curb and in the roadway, a few feet distant from the horse. Witnesses called for the plaintiff testified to the fact that the animal had been unguarded by its driver, the defendant's servant, for some time prior to the accident in question, and therefore the defendant's negligence was proven sufficiently to support the recovery in this aspect. Wasmuth v. Butler, 86 Hun, 1, 33 N. Y. Supp. 108; Dickson v. McCoy, 39 N. Y. 400.

It is claimed for the appellant, however, that the plaintiff's act in placing his bicycle in front of this unguarded horse was negligence upon his part, obviously contributing to the injury, and that, for this, the complaint should have been dismissed. Had the plaintiff observed the driver's absence from the wagon when leaving his bicycle as he did, his right of recovery might be open to discussion; but his testimony was to the effect that at this time he did not observe whether

the driver was or was not present, and only when he removed the machine from the street, after the damage was done, did he notice that the horse was unattended. At most, it was a question of fact whether he should have ascertained in the first instance that the horse was under its driver's control. Certainly, it cannot be said, as matter of law, that such was his duty, for, indeed, he could have assumed that the defendant so operated its wagon that its duty to exercise ordinary care towards persons also using the highway was properly observed. That this stationary vehicle would become a thing of danger through the defendant's negligence was not for him to anticipate. The absence of contributory negligence, therefore, was readily to be found from the evidence, and the sole ground upon which this appeal is based becomes untenable.

Judgment affirmed, with costs. All concur.