[L. A. No. 3727. In Bank.—September 15, 1917.]

LESLIE INGALLS, Respondent, v. MONTE CRISTO OIL & DEVELOPMENT COMPANY (a Corporation), Appellant.

NEGLIGENCE—PERSONAL INJURIES—FALL OF ROOF OF DERRICK—EVIDENCE—FALLING OF OTHER ROOFS SIMILARLY CONSTRUCTED.—In an action by an employee against an employer for damages for injuries sustained by being knocked from the walking-beam of an oil derrick by the roof of the derrick falling in and striking him, it was not error to permit a witness to testify regarding the falling in of other similarly constructed roofs of oil derricks on defendant's property.

ID.—PERMITTING A QUESTION WHICH WAS ANSWERED IN THE NEGATIVE—HARMLESS ERROR.—In such an action the defendant was not prejudiced by a question to one of plaintiff's witnesses over defendant's objection as to whether he had ever been warned by any of defendant's representatives of the unsafe construction, because the question was answered in the negative, although if the witness had replied in the affirmative, the defendant might have been injured.

ID.—PLEADING—ALLEGATIONS OF NEGLIGENCE—SUFFICIENCY OF COMPLAINT.—In such an action, a complaint which alleged that the roof fell in through defendant's negligence, "by reason of its imperfection, defectiveness, unsafety, and inadequacy of construction," is sufficient as against both a general demurrer and a special demurrer setting up specific objections to the failure to set forth how the unsafeness and inadequacy of construction, etc., were caused by defendant's negligence, or whether or not plaintiff knew or might have known the danger by due diligence and inquiry, or whether the condition of the roof was due to latent or patent faults of construction.

ID.—NEGLIGENCE CHARGED IN GENERAL TERMS.—Negligence may be charged in general terms, but it must appear from the facts averred that the negligence caused or contributed to the injury.

ID.—RULING ON PLEADING—TRIAL—HARMLESS ERROR.—Where a case has been fully, fairly, and understandingly tried, judgment will not be reversed for an erroneous ruling on a special demurrer to the complaint for uncertainty.

APPEAL from a judgment of the Superior Court of Kern County.   W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, and R. H. Wilson, for Respondent.

Henry Ach, Hunsaker & Britt, and George E. Whitaker, for Appellant.

MELVIN, J.—Plaintiff was awarded judgment in damages for. personal injuries. Defendant appealed from the said judgment more than sixty days after entry thereof and its counsel frankly admit that they may not question the sufficiency of the evidence to justify the verdict. However, they insist that the judgment should be reversed for one or more of the following reasons:

1. The complaint does not state a cause of action.

2. The trial court gave erroneous and misleading instructions.

3. The court erred in overruling defendant's objections to certain questions asked of witnesses Tooker and Senter.

There was an earlier appeal in this case from an order granting a new trial. That appeal was decided by the learned

district court of appeal after assignment of the cause to that tribunal; the order was reversed; and a petition for a hearing in this court was denied. (*Ingalls* v. *Monte Cristo Oil & Development Co.,* 23 Cal. App. 652, [139 Pac. 97].) Respondent is of the opinion that appellant's second and third assignments of error have been finally determined adversely to its contentions, in the decision on the former appeal, but appellant takes the position that as no further action was required in the retrial of issues when the cause was remanded after the first appeal, the rule and doctrine of the "law of the case" is not applicable (citing *Sharon* v. *Sharon,* 79 Cal. 633–653, [22 Pac. 26, 131].) It is not necessary to apply that rule to the decision of the district court of appeal in the matter of the instructions here attacked. Appellant's counsel concede that the question whether or not the instructions were misleading and erroneous, which is now presented, was decided by the district court on the appeal from the order granting a new trial. We have again examined the opinion of that learned court upon this subject and as we did upon consideration of the petition for transfer we again approve of and adopt the reasoning and the conclusion of the district court of appeal that there was no material error in giving the instructions of which appellant complains. We do this not because we regard that opinion as the "law of the case," but because we are convinced that it is correct.

The district court of appeal did not decide the questions raised by the attack upon the rulings touching the testimony of witnesses Tooker and Senter. Witness Tooker was permitted, over objection by defendant, to testify regarding the falling of other roofs of derricks. He was a witness called by defendant, and he had testified that there had been fifty derricks built on the property of defendant and that the one on which the accident occurred was like all of those constructed at about the same time. These derricks were on the oil fields belonging to the defendant. The only purpose of such testimony was to place before the jury the fact that there was nothing about this particular derrick and its roof to attract the foreman's attention to it. Upon cross-examination the witness was interrogated with reference to the falling of the roofs of other derricks. Finally the court framed a question which was as follows:

"The question has reference to the derricks located in the Kern River Oil Fields belonging to the Monte Cristo Oil and Development Company, do you know of any of them falling down?" To this the witness answered: "I can't designate any particular derrick. I have known of such when there was no one working in the derrick. I do not know the cause of its coming down. I can recollect one, because when I saw it in the morning it was riding the walking-beam, a portion of it fastened to the derrick and another portion lying down on the walking-beam and the walking-beam still moving up and down; still working and the well still pumping, and the roof riding up and down on the walking-beam." This was legitimate cross-examination, as it tended to show that although there may have been no patent defect in the roof, the experience of defendant's agents with similarly constructed derricks would have suggested frequent inspections to guard against accidents which might be caused by latent structural faults. The occurrence of accidents similar to the one under investigation is of value sometimes in determining the amount of care reasonably to be exacted in a particular case and the jury is entitled to have evidence of such happenings presented to it. (*Dyas* v. *Southern Pacific Co.*, 140 Cal. 296–304, [73 Pac. 972].)

Plaintiff's counsel asked one of plaintiff's witnesses, Verde Senter, if he had ever been warned by any of defendant's representatives of the "unsafe, faulty condition or construction" of the roof on that derrick upon which plaintiff was at work at the time of the accident. Over objection, the witness was required to answer the question. His reply was in the negative. If the question was erroneous as assuming the unsafe condition of the roof, the defendant was not injured. But it did not assume anything. The questioner merely sought to discover whether or not the roof had ever been denounced to the witness by defendant's agents. If Senter had replied in the affirmative, defendant might have been injured, but his answer in the negative was harmless, because it indicated that so far as the witness was concerned he was aware of no knowledge of defendant regarding the hidden defects in the roof, if any there were, which had not been described to Ingalls when he was put to work. It was the duty of the employer to maintain the derrick in a safe condition, and it

was therefore competent for plaintiff to prove if he could that it had become insecure and unsafe and that the defendant knew and admitted that fact. His effort to make such a showing by witness Senter's testimony was unsuccessful, but it was not error for him to make the attempt.

There was no error in the action of the court in overruling the demurrer to the complaint. In that pleading the relationship of employer and employee was set forth. It was averred that in order to perform the work assigned to him Ingalls was obliged to stand upon the walking-beam of the derrick; and that while he was so standing on the walking-beam the roof on and over the derrick, "by reason of its imperfection, defectiveness, unsafeness, and inadequacy of construction became loose, unfastened, caved in, and suddenly and without warning fell, and in so falling struck the said plaintiff with such force that it knocked him off and from the said walking-beam and caused him to fall, be thrown and cast to the floor of the said derrick with great force. That the imperfection, defectiveness, unsafeness, and inadequacy of construction of said roof as above alleged was due and caused by the negligence and want of proper or any care on the part of the defendant." The demurrer was both general and special. The special objections were in brief that the alleged uncertainty, ambiguity, and unintelligibility were due to the failure to set forth how the unsafeness, inadequacy of construction, etc., were caused by defendant's negligence or want of proper care; to the further failure to aver whether or not plaintiff knew or might have known of the impending danger by due diligence and inquiry; and to the additional failure to specify whether the defective condition of the roof was due to latent or patent faults in its construction. It is the rule in this state that negligence may be charged in general terms, but it must appear from the facts averred that the negligence caused or contributed to the injury. Measured by these requirements, the complaint is sufficient, and it properly passed demurrer. (*Stein* v. *United Railroads of San Francisco,* 159 Cal. 370, [113 Pac. 663].) Besides, the case was fully, fairly, and understandingly tried, and there would be no reason for reversing the judgment even if the ruling on the demurrer by the superior court had been erroneous. (*Stein* v. *United Railroads of San Francisco, supra; Bank of*

*Lemoore* v. *Fulgham,* 151 Cal. 234–237, [90 Pac. 936] ; *Dow* v. *City of Oroville,* 22 Cal. App. 215–221, [134 Pac. 197].)
The judgment is affirmed.

Lorigan, J., Shaw, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.