[Civ. No. 6735. Second Appellate District, Division Two.—May 20, 1931.]

PAUL McALLISTER, Appellant, v. BARBARA BROWN, a Minor, etc., et al., Defendants; KATHRYN LLOYD, etc., et al., Respondents.

Weber, Kidder & Dunn and Paul R. Smith for Appellant.

Chase, Barnes & Chase for Respondents.

CRAIG, J.—A general and special demurrer of the respondents to the complaint having been sustained, the plaintiff declined to amend, whereupon judgment was entered accordingly.

The portions of the complaint material to plaintiff's appeal consist of the following: "The defendant, Kathryn Lloyd, so negligently, carelessly and unlawfully operated and drove an automobile . . . that the automobile which defendant, Barbara Brown, was driving, through the concurrent negligent acts of the said defendants, Kathryn Lloyd and Barbara Brown, .ran into and against the automobile of this plaintiff. . . . That the collision hereinabove set forth was a direct result of the concurrent negligence, carelessness and recklessness of the defendants Barbara Brown and Kathryn Lloyd." All that is charged consists in substance of the conclusion of the pleader that through some carelessness of respondent in driving an automobile, the car driven by Miss Brown collided with the plaintiff, that the negligent acts of the two defendants were concurrent, and that the defendants damaged the plaintiff.

 It is sufficient to state facts from which a legal duty on the part of the defendant arises, without showing details (*Jacobson* v. *Oakland M. etc. Co.*, 161 Cal. 425 [Ann. Cas. 1913B, 1194, 119 Pac. 653], but that the complaint must show such duty to exercise care as to the person or property of the plaintiff at the time and place of injury, is settled law. (*Manwell* v. *Durst*, 178 Cal. 752 [1 A. L. R. 669, 174 Pac. 881].) It must appear from the facts averred that negligence caused or contributed to the injury. Negligence is not the act itself, but the fact which defines the character of the act, and makes it a legal wrong. (*Stephenson* v. *Southern Pac. Co.*, 102 Cal. 147 [34 Pac. 620, 36 Pac. 407]; *Stein* v. *United R. Co.*, 159 Cal. 370 [113 Pac. 663]; *Smith* v. *Buttner*, 90 Cal. 99 [27 Pac. 29].)

 The complaint was uncertain in many particulars as charged in the demurrer, in that no definite act of respondent Lloyd alone nor concurring with any act of Barbara Brown is set forth as causing the injury.

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.