[S. F. No. 16011. In Bank.—October 31, 1938.]

ELEANOR TAYLOR, a Minor, etc., Appellant, v. OAK-LAND SCAVENGER COMPANY (a Corporation) et al., Defendants; OAKLAND HIGH SCHOOL DISTRICT OF ALAMEDA COUNTY, Respondent.

Crozier C. Culp and Elliott Johnson for Appellant.

Earl Warren, District Attorney, and Charles V. Barfield for Respondent.

SEAWELL, J.—Plaintiff prosecutes this appeal from a judgment entered for defendant high school district after sustaining of its demurrer to the complaint without leave to amend. Plaintiff, sixteen years of age, brought this action to recover damages for personal injuries received when

she was struck by a garbage truck on the grounds of the Castlemont High School, a public high school in the city of Oakland. She sued jointly the Oakland High School District, Albert Santucci, the driver of the truck, the Oakland Scavenger Company, a corporation, and the Russell City Hog Company, a partnership, employers of said truck driver. The present appeal involves only the question whether the complaint is good as against the general and special demurrer of the defendant Oakland High School District.

It appears from the complaint that plaintiff, a full-time student at the high school, was a member of a required class in physical education which was regularly held between 10 and 11 o'clock in the morning upon the school playgrounds. The class was in charge of Claire M. Johnston, teacher and head of the physical education department of the high school. It is alleged that on September 29, 1936, at about 10:10 o'clock A. M., "while plaintiff, Eleanor Taylor, in the company of the other young ladies who were members of the aforesaid physical education class, was proceeding, under the care, supervision and control of the said Claire M. Johnston, from the aforesaid gymnasium building to the aforesaid playgrounds where the aforesaid class in physical education was to be held and conducted, and while said plaintiff, Eleanor Taylor, was following the usual and regular course to said playgrounds, which course lay wholly within the private bounds and confines of the premises of said Castlemont High School, defendant Albert Santucci, did then and there so recklessly, carelessly and negligently drive, operate and propel the aforesaid Ford garbage truck" that it struck plaintiff and threw her down upon the paved and graveled surface of the ground, with the result that her left foot was mangled and mutilated and she was otherwise severely injured, as described in the complaint.

Plaintiff further alleges on information and belief that certain named agents, servants and employees of the high school district, to wit, the superintendent of schools of the city of Oakland, the principal of the Castlemont High School, the business manager of the board of education of the city of Oakland, and the three teachers in the physical education department of the high school were "charged with the duty, and invested with the power and authority to make and adopt any and all rules, regulations and measures necessary,

expedient, desirable or appropriate to safeguard and protect any and all students enrolled in and attending the said Castlemont High School during regular school hours, from injury when said students were in, about and upon the buildings, premises, grounds and playgrounds of the said Castlemont High School''.

Plaintiff alleges upon information and belief that the garbage truck ''at the time and place of said injuries . . . was then and there being driven and operated over and upon and within the confines of the grounds, playgrounds and premises of said Castlemont High School . . . pursuant and in obedience to the directions and orders of, and with the full knowledge, permission, consent and sanction of the high school district'' and the above-named agents, servants and employees, and ''each and all of the members of the Board of Education of the City of Oakland''.

The district, said named employees, and each and all the members of the board of education, it is alleged ''were fully aware of the danger and peril to students of the said Castlemont High School arising from and occasioned by the operation of motor vehicles over, upon and within the bounds and confines of the grounds, playgrounds, and premises of the said Castlemont High School, during regular school hours, and while regularly scheduled physical education classes were being held and conducted upon said grounds, playgrounds and premises of said High School, and while students were passing to and from the aforesaid Gymnasium Building and the aforesaid playgrounds'', but defendant high school district and said employees and the members of the board of education of the city of Oakland, and each of them, ''negligently and carelessly failed, neglected and omitted to furnish, install, provide, formulate, or to place or put into effect or operation, any device, safeguard, safety measure, rule or regulation of any nature whatsoever to prevent the aforesaid injuries sustained as aforesaid by the plaintiff''.

The complaint also avers that the ''specified acts of negligent omission'' on the part of the defendant Oakland High School District operated proximately to cause the injuries to plaintiff, and that notice of plaintiff's claim was given to the district as required by law.

Section 2.801, School Code, provides: ''Boards of school trustees, high school boards, junior college boards and boards

of education are liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees; . . . ''

Under section 603, Vehicle Code, no person may drive upon the grounds ''of any public school, State university, State college, State, county or municipal institution or building, or any educational institution exempted in whole or in part from taxation, except with the permission of, and upon and subject to such conditions and regulations as may be imposed by, the governing board or officer of such public school, State university, State college, State, county or municipal institution or building, or educational institution''. Appropriate signs giving notice of ''any special conditions or regulations'' imposed under the section are required to be erected, and it is also required that a written statement of special conditions and regulations be available at the principal administrative office of such board. In cases where any governing board or officer ''permits public traffic'' upon the driveways, paths or grounds under their control then, ''in the absence of any special conditions or regulations applicable to such traffic, all the provisions of this code relating to traffic upon the highways shall be applicable to such traffic''.

Under section 511 (a) (1) the *prima facie* lawful speed limit is fifteen miles an hour ''when passing a school building, or the grounds thereof, contiguous to the highway during school recess or while children are going to or leaving such school during opening or closing hours or while the playgrounds of any such school are in use by school children''. Under section 511 (b) (2), the *prima facie* lawful speed limit is twenty miles an hour ''when upon the grounds of any public school, State university, State college, or State, county, or municipal institution or building''.

The instant case, as described in the complaint, is one where the governing board of the district, that is, the board of education, had given permission to the garbage truck to drive upon school premises, but had not prescribed any ''special conditions and regulations'' for the entry of such truck. In such circumstances the driver of the privately owned vehicle was subject to special provisions of the Vehicle Code applying to school premises (sec. 511 [b] [2]) and

to "all the provisions" of the Vehicle Code "relating to traffic upon the highways".

Section 2.801, School Code, quoted above, makes school districts liable in broad general terms for injury to person or property arising because of the "negligence of the district, its officers or employees". The question in the instant case as presented by the complaint, is whether the district is liable for the injury to plaintiff arising from the failure of employees and agents of the district, including the members of the board of education, "to furnish, install, provide, formulate or to place or put into effect or operation, any device, safeguard, safety measure, rule or regulation of any nature whatsoever to prevent" the injuries to plaintiff. It is alleged that the failure in this respect was negligent and careless. It is also averred that the named employees of the district and the members of the board of education "were fully aware of the danger and peril to students of said Castlemont High School" arising from the operation of motor vehicles within the school grounds while regularly scheduled physical education classes were being held upon said grounds, and while students were passing to and from the gymnasium building to the playgrounds. The alleged negligent omission of the board, it is averred, contributed proximately to the injury to plaintiff.

It is elementary that negligence may be pleaded generally. This means that after what was done has been stated, it is sufficient to allege that it was negligently done, without stating the particular omission which rendered the act negligent. (*Barbieri* v. *Law,* 209 Cal. 429 [287 Pac. 464]; *Dunn* v. *Dufficy,* 194 Cal. 383 [228 Pac. 1029]; *Champagne* v. *A. Hamburger & Sons,* 169 Cal. 683 [147 Pac. 954]; *Bergen* v. *Tulare County Power Co.,* 173 Cal. 709 [161 Pac. 269]; 19 Cal. Jur. 871.) We are of the view that the complaint herein satisfies the requirements of this principle.

It was not necessary that plaintiff enumerate one or more specific safety measures which in the exercise of due care the district might have prescribed to protect children on the school premises. Nor was it necessary that plaintiff give a factual description of the school premises, with a view of setting forth the physical factors on the grounds which contributed to the dangerous situation of which, it is alleged, agents and servants of the district, including the board of

education, were fully aware. These are matters to be developed by the evidence. It is not contemplated under our system of pleading that evidentiary facts should be alleged. (*Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, 669 [98 Pac. 1063, 16 Ann. Cas. 1061]; *Jacobson* v. *Oakland Meat etc. Co.*, 161 Cal. 425 [119 Pac. 653, Ann. Cas. 1913B, 1194]; *Quinn* v. *Reilly*, 198 Cal. 465 [245 Pac. 1091].)

■ Defendant relies strongly on the provisions of section 603, Vehicle Code, in support of its contention that the complaint is insufficient. Said section, quoted above, recognizes the right of boards of education to prescribe "conditions and regulations" for the entry of vehicles on school premises, or to exclude them altogether. This right would exist independently of the recognition given it in said section. Section 6.1, School Code, provides: "Boards of school trustees and city boards of education shall have power, and it shall be their duty to manage and control school property within their district."

■ In the absence of "special conditions and regulations", section 603, Vehicle Code, makes the provisions of the Vehicle Code pertaining to traffic on the highways applicable to vehicles permitted by the school authorities to enter on school premises. Said section, applicable to a wide variety of other public buildings and institutions, as well as to schools, does not attempt to determine when it shall be the duty of school boards, in the exercise of due care for the safety of children on school property, to impose special regulations and conditions. Nor does the section relieve the district of liability if its officers negligently fail to impose conditions and regulations which an exercise of due care dictates for the safety of the school children. By section 2.801, School Code, school districts, without qualifying language (except as to the filing of a claim), are made liable for injury "to person or property arising because of the negligence of the district, or its officers or employees".

■ The above holding does not make school districts insurers of the safety of children on the premises. The question whether there has been negligence in permitting vehicles on school premises subject only to the provisions of the Vehicle Code relating to traffic on the highways is to be determined on the facts of each case. That there was such negligence in the instant case is alleged in the complaint. The

evidence may or may not establish 'facts which will support a conclusion of negligence. The burden is on plaintiff who claims that the school authorities have been derelict in their duty in this respect to establish negligence.

Traffic regulations designed to control traffic upon the public highways of the state may be entirely inadequate and unadapted to meet the entirely different situation presented by motor vehicles on school grounds where large numbers of children are gathered for study and recreation.

We conclude that the complaint states a cause of action. Defendant district also demurred specially on a number of grounds. These specifications are largely a particularization of defendant's contention that the complaint fails to state a cause of action, and are concluded by what we have said above as to the general demurrer. ██ It is also urged as a ground of special demurrer that it does not appear that the claim filed with the secretary of the district was verified. It is alleged that a claim was filed "in accordance with and in obedience to the law of the State of California in said connection". This is tantamount to an averment that the claim was verified, since the law (sec. 2.801, School Code) requires verification. The complaint is good as against both the general and special demurrer.

The judgment is reversed.

Curtis, J., Edmonds, J., Houser, J., and Waste, C. J., concurred.

Shenk, J., and Langdon, J., dissented.

Rehearing denied. Shenk, J., and Langdon, J., voted for a rehearing.