[L. A. No. 19157.   In Bank.   Mar. 20, 1945.]

H. H. RANNARD et al., Appellants, v. LOCKHEED AIR-CRAFT CORPORATION (a Corporation) et al., Respondents.

150

A. G. Van Deventer for Appellants.

George H. Moore, Hugh B. Rotchford and Harold C. Tallmadge for Respondents.

SPENCE, J.—Plaintiffs, who are husband and wife, have appealed from a judgment on the pleadings which was rendered in response to a motion made by defendant Lockheed Aircraft Corporation at the commencement of the trial after an objection to plaintiffs' introduction of any evidence had been sustained. Plaintiffs moved for a new trial (*Allen* v. *California Mutual Building & Loan Assn.*, 40 Cal.App.2d 374 [104 P.2d 851]). That motion was denied and plaintiffs have also appealed from the order thereupon entered. That order is nonappealable (Code Civ. Proc., § 963), and for that reason the appeal therefrom should be dismissed. (*Funk* v. *Campbell*, 15 Cal.2d 250 [100 P.2d 762].)

In considering whether the judgment on the pleadings was properly granted, it is but necessary to determine the sufficiency of the complaint upon the same principle as though it had been attacked by general demurrer. In other words, it is only where there is an entire absence of some essential allegation that a motion for judgment on the pleadings may be properly granted. (*Hibernia Savings & Loan Soc.* v. *Thornton*, 117 Cal. 481, 482 [49 P. 573]; *Union Flower Market, Ltd.* v. *Southern California Flower Market, Inc.*, 10 Cal. 2d 671, 673 [76 P.2d 503]; *Elmore* v. *Tingley*, 78 Cal.App. 460, 465 [248 P. 706]; *Bates* v. *Escondido Union High School Dist.*, 133 Cal.App. 725, 727 [24 P.2d 884].)

The action is for damages for the alleged malpractice of one Z. P. King, a physician and surgeon, who, it is averred, was in the employ of defendant Lockheed Aircraft Corporation for the purpose of giving physical examinations to persons who applied to said corporation for employment and of rendering certain other professional services. The medical treatment here in question was rendered to the plaintiff husband, H. H. Rannard, and not to the wife. The complaint contains five separate statements of fact, each designated as a cause of action, which, so far as here material, may be summarized as follows:

The first cause of action alleges that "defendant Lockheed Aircraft corporation retained in its employ, as its agent and

employee, the defendant Z. P. King in the normal conduct of, and in the furtherance of its interests in, the business in which said defendant corporation was at all such times engaged"; that plaintiff H. H. Rannard applied to said defendant corporation for employment and was in all respects found acceptable for employment, subject only to a physical examination "which was required to be, and was actually, made by said defendant corporation and its agent, defendant Z. P. King"; that at the direction of defendant corporation, said plaintiff was given a physical examination by said defendants, and that said defendants conducted such physicial examination negligently, carelessly and unskilfully; that as a direct and proximate consequence and result of such negligence plaintiffs, and each of them, have sustained and will continue to sustain "losses, damages, injuries, inconvenience, and hardships" consisting of physical pain and inconvenience, the necessity for surgical and medical treatment in the future, expenses of past medical care and treatment, loss of earnings, and loss of earning ability. The amount of the damages alleged to have been suffered by reason of these enumerated items is specified.

The second cause of action incorporates the allegations of the first cause of action but elaborates upon the employee relationship of defendant King by alleging that defendant Lockheed Aircraft Corporation hired and retained said King "for the purpose of conducting physical examinations of applicants for employment," and in so hiring and retaining him "negligently failed to select and employ a medical and surgical attendant physician and surgeon, possessed of or capable of exercising that degree of care, skill, ability or learning possessed and exercised by medical and surgical attendants, physicians and surgeons practicing their profession in the locality of said defendant Lockheed Aircraft Corporation's said principal office, but said defendant Lockheed Aircraft Corporation nevertheless held out said defendant Z. P. King to be so qualified and skilled."

The third cause of action incorporates the allegations of the first cause of action but elaborates upon the charge as to the negligent physical examination and alleges that, at the direction of defendant Lockheed Aircraft Corporation, plaintiff H. H. Rannard submitted to such examination by defendants and "was thereupon negligently, carelessly and unskilfully advised by said defendants that, as a condition pre-

cedent to the proposed employment of said plaintiff H. H. Rannard by said defendant Lockheed Aircraft Corporation, it would be necessary for said plaintiff to undergo and submit to an operation designed to correct a purported 'double-hernia' purportedly found in said plaintiff; said plaintiff did thereupon with the full acquiescence, knowledge and consent of defendant Lockheed Aircraft Corporation consent to the operation so advised, and did, on the 2nd day of November, 1941, at the direction of defendants, submit to and undergo the said advised operation; that said operation was performed upon said plaintiff by said defendant Z. P. King in a negligent, careless and unskilful manner''; and that in advising said operation and in performing it, ''defendant Z. P. King at all times acted as the agent and employee of defendant Lockheed Aircraft Corporation, and such acts of said defendant Z. P. King were, and each of them was, done in the scope of, and as a routine and regular part of, the usual employment and services rendered by said defendant Z. P. King to defendant Lockheed Aircraft Corporation.''

The fourth cause of action is against defendant King only and was held sufficient to state a cause of action against him.

The fifth cause of action incorporates the substance of the first cause of action but it alleges that the diagnosis made in the examination for employment was of a double hernia and that plaintiff submitted to an operation for that condition by defendant King. The allegations of the third cause of action with regard to the operation and defendant corporation's connection with it are incorporated by reference. It is further alleged that after the operation defendant King discontinued his employment with Lockheed Aircraft Corporation but that he continued to treat and take care of plaintiff H. H. Rannard following the operation; that he did so negligently, and that ''defendant Lockheed Aircraft Corporation participated in and took an active part in said negligent, careless and unskilled subsequent treatment and care, and thereby ratified and adopted and constituted as the act of said last named defendant and of its agent, defendant Z. P. King, the said negligent, careless, and unskilful subsequent treatment and care.''

Defendants answered separately without demurring to the complaint.

A transcript of the argument upon the motion for judg-

ment on the pleadings has been added to the record on appeal by stipulation. It was furnished for the purpose of resolving a disagreement between counsel as to what possibilities for amendment were open to plaintiffs following a discussion of purported deficiencies in the statement of their cause of action. Careful review of this transcript reveals that the trial court, in ruling upon the motion before it, eliminated from consideration any objections to the complaint which would render it vulnerable to a special demurrer but viewed the pleading as a whole—in effect as though the separate counts were combined in a single cause of action—and upon that basis deemed it lacking in the allegation of facts necessary to state a cause of action against the defendant corporation. Plaintiffs' counsel took a contrary position as to the sufficiency of the complaint, declined the court's offer of opportunity for amendment, and requested the court to ''rule one way or the other on the motion, then let me take such action as I see fit to make.'' Thereupon the motion was granted, judgment was entered accordingly, and this appeal was taken.

■ Under the authorities, it is sufficient to allege that an act was negligently done by defendant, and that it caused damage to plaintiff. (*Bergen* v. *Tulare County Power Co.*, 173 Cal. 709 [161 P. 269]; *Barbieri* v. *Law*, 209 Cal. 429 [287 P. 464]; *Taylor* v. *Oakland Scavenger Co.*, 12 Cal.2d 310 [83 P.2d 948]; *Latky* v. *Wolfe*, 85 Cal.App. 332 [259 P. 470]; *Roberts* v. *Griffith Co.*, 100 Cal.App. 456 [280 P. 199]; 19 Cal.Jur., ''Negligence,'' § 96, pp. 671-673.) The rule was early announced in this state in *Stephenson* v. *Southern Pacific Co.* (1894), 102 Cal. 143, 147-148 [34 P. 618, 36 P. 407] as follows: ''In adopting what is known as the code system of pleading, courts in most of the states have excepted from the general rule, requiring a complaint to state the facts constituting the cause of action in ordinary and concise language, cases founded upon negligence; or rather, they have so far modified the rule as to permit the plaintiff to state the negligence in general terms, without stating the facts constituting such negligence. This modification of a rule of code pleading is founded in wisdom, and grows out of a fundamental rule in common-law pleading, to the effect that 'no greater particularity is required than the nature of the thing pleaded will conveniently admit.' (Stephens' Pleading, *367.) Supported by that other rule that 'less particularity is re-

quired when the facts lie more in the knowledge of the opposite party.' (Stephens' Pleading, *370.) In cases of negligence, the sufferer may only know the general, the immediate, cause of the injury, and may be entirely ignorant as to the specific acts or omissions which lead up to it. . . . The term 'negligence,' for the purpose of pleading, is a fact to be pleaded—an ultimate fact, which qualifies an act otherwise not wrongful. Negligence is not the act itself, but the fact which defines the character of the act and makes it a legal wrong. The absence of care in doing an act which produces injury to another is actionable. The term 'negligence' signifies and stands for the absence of care. . . . As a result of the application of these principles to code pleading in cases of negligence and to others of kindred character, it is held in this state, and in nearly all of the United States, that it is sufficient to allege the negligence in general terms, specifying, however, the particular act alleged to have been negligently done.''

This elementary principle of negligence pleading has been followed in a variety of situations in this state. Thus, in cases involving automobiles or other vehicles, it is sufficient to aver that defendant negligently operated the vehicle without alleging how or in what respect it was done. A typical example is found in *Stein* v. *United Railroads,* 159 Cal. 368, 370 [113 P. 663], where it was alleged merely that the defendant ''operated, ran and conducted one of its cars . . . in such a careless, negligent, reckless, wrongful and unlawful manner that the said car . . . ran into and upon the plaintiff and severely injured the plaintiff,'' and the complaint was held sufficient. Other illustrations of general negligence pleading involving varying factual backgrounds may be found in *Fisher* v. *Western Fuse & Explosives Co.* (explosion of a powder mill), 12 Cal.App. 739 [108 P. 659]; *Champagne* v. *A. Hamburger & Sons* (falling elevator), 169 Cal. 683 [147 P. 954]; and *Ingalls* v. *Monte Cristo Oil & Development Co.* (defective construction of roof), 176 Cal. 128 [167 P. 857]).

The same rule permitting the pleading of negligence in general terms has been applied in malpractice cases. (*Dunn* v. *Dufficy,* 194 Cal. 383 [228 P. 1029]; *Ragin* v. *Zimmerman,* 206 Cal. 723 [276 P. 107]; *McGehee* v. *Schiffman,* 4 Cal.App. 50 [87 P. 290].) That in such instances, in addition to general allegations of negligence, the complaint may include

a recital of certain related particulars does not deflect from the force of the general rule that "it is sufficient in cases of this class to plead that the thing done was negligently done." (*Ragin* v. *Zimmerman, supra,* at p. 725; *cf. Blakeslee* v. *Tannlund,* 25 Cal.App.2d 32 [76 P.2d 216].) ▮ While the statement of other facts auxiliary to the main fact—"the fact which caused the injury" (*McGehee* v. *Schiffman, supra,* at p. 53)—might tend to provide a clearer conception of the principal act, it has been the settled rule in this state since the decision of *Stephenson* v. *Southern Pacific Co., supra,* that "negligence and proximate cause may be simply set forth." (*Roberts* v. *Griffith Co.,* 100 Cal.App. 456, 461 [280 P. 199].) The application of this rule to pleadings in malpractice cases is well stated in *Abos* v. *Martyn,* 31 Cal.App. 2d 705, 707-708 [88 P.2d 797] as follows: "It sufficiently appears from this complaint that what was done by this defendant was the administration of chiropractic treatments, which treatments, it was alleged, were negligently administered. Having alleged what was done and that the same was negligently done, the complaint was sufficient in the absence of a demurrer. While the defendant might have insisted upon greater certainty and particularity, he waived such defects by failure to interpose a special demurrer. As against a general demurrer, which is what an objection to the introduction of any evidence amounts to, the complaint is sufficient."

▮ Tested by the requirements of the established rule for negligence pleading, the complaint in the present case must be held sufficient. Negligence is expressly alleged with respect to three successive stages in the medical services rendered to plaintiff H. H. Rannard: the diagnosis, the operation, and the subsequent treatment. In relation to this premise of negligence, the complaint further alleges that "as a direct and proximate consequence and result" thereof various items of damage had been sustained by plaintiffs, thus satisfying the requirement of pleading "a causal connection between the act and the injury." (19 Cal.Jur., "Negligence," § 101, pp. 677-678.) ▮ While the complaint is couched in very general language, "All that is required of a plaintiff, as a matter of pleading, even as against a special demurrer, is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source and extent

of his cause of action." (*Dunn* v. *Dufficy, supra,* at p. 391.)

This the complaint here does and it should be no more necessary, after the general charge of negligence in the diagnosis, the operation and the subsequent treatment, to detail the specific act or omission upon which plaintiffs rely than it is incumbent upon a plaintiff in an automobile collision case to specify the particular in which the vehicle was negligently operated, such as driving on the wrong side of the road, driving at an excessive speed, or failure to give proper traffic signals. These are matters of evidence which may be shown under the scope of the general negligence charge. (*Taylor* v. *Oakland Scavenger Co.,* 12 Cal.2d 310, 316-317 [83 P.2d 948].)

The standard of pleading in negligence cases rests upon considerations of fairness and convenience in view of the situation of the opposing parties, and the rule permitting the pleading of negligence in general terms finds justification in the fact that the person charged with negligence may ordinarily be assumed to possess at least equal, if not superior, knowledge of the affair to that possessed by the injured party. (*Stephenson* v. *Southern Pacific Co., supra.*) There are certain cases, such as *Lang* v. *Lilley & Thurston Co.,* 20 Cal.App. 264 [128 P. 1031] and *McAllister* v. *Brown,* 114 Cal.App. 239 [299 P. 753], which appear to require a high degree of particularity in the pleading of negligence. While those cases may be distinguishable upon the ground that the complaint in each instance was attacked by special as well as general demurrer, certain language in the opinions appears to be out of harmony with the liberal rule of pleading set forth in the authorities hereinbefore cited. To the extent that such language may be in conflict with the conclusions reached herein, such language is disapproved. Under the authorities hereinbefore cited, the complaint in the present case appears sufficient in its statement of a cause of action for malpractice.

The remaining point to be considered is the matter of liability of defendant Lockheed Aircraft Corporation for the alleged malpractice of defendant King. As above noted, the complaint sets forth the relationship of principal and agent as existing between defendant corporation and Dr. King, expressly charging not only that he was "retained in its employ as its agent and employee . . . in the normal conduct of, and

in the furtherance of its interest in, [its] business," but also that in rendering the specified medical treatment, he "at all times acted as the agent and employee of defendant . . . corporation and such acts of said defendant Z. P. King were, and each of them was, done in the scope of, and as a regular and routine part of, the usual employment and services rendered by said defendant Z. P. King to defendant . . . corporation." This theory of pleading the joint responsibility of defendants for the negligent acts in question was proper under the peculiar circumstances of this case, where it is alleged that plaintiff H. H. Rannard was found acceptable for employment by defendant corporation, "subject only to a physical examination . . . by . . . its agent, defendant Z. P. King," and after submitting to such examination said plaintiff, "as a condition precedent to the proposed employment," was required to undergo the operation in question.

■ Thus, it is clear that defendant corporation employed Dr. King primarily to protect its own interests rather than the interests of the applicant employee and, under the doctrine of *respondeat superior*, it would be liable for any injury proximately resulting from the malpractice of such doctor. The pertinent rule of law is stated in 39 Corpus Juris, "Master & Servant," section 356, pages 244-245, as follows: "Where a physician is employed by the master but the relation of physician and patient does not exist between him and the servant, the rule of respondeat superior applies and the master may be liable for his negligence. In any event, in order to hold the employer liable for the negligent treatment of the employee, such negligence must be established, and the complaint must positively and directly allege the facts imposing liability." A case illustrating the application of this rule is *Jones* v. *Tri-State Telephone & Telegraph Co.,* 118 Minn. 217 [136 N.W. 741, 40 L.R.A.N.S. 485], where the plaintiff employee, who had been injured in the course of his employment but was making satisfactory progress in his recovery, was required to submit to the taking of certain X-ray pictures by a doctor hired for such purpose by the employer and suffered certain damages as the result of exposure to the X-ray. In sustaining the liability of the employer, the telephone company, the Supreme Court of Minnesota said at page 219: "The relation of physician and patient did not exist between Dr. Roberts and plaintiff. The doctor was the

servant of defendant. The case is the same, therefore, as if defendant's manager, or any other agent or employee, had inflicted the injury, and the rule of respondeat superior applies, rather than the law relative to the liability of a physician or surgeon to his patient, or to the liability of a master who employs a physician to treat his servant. There can be no doubt that defendant wanted the picture for its own purposes, probably as evidence in case plaintiff should bring suit against it to recover for injury received in the accident.''

The fact that here, in contrast to the situation in *Jones* v. *Tri-State Telephone & Telegraph Co., supra,* plaintiff H. H. Rannard was the prospective rather than the actual employee of defendant Lockheed Aircraft Corporation would not deflect from the force of the general rule that the employer is liable for the injury sustained through the incompetence or want of skill of the physician or surgeon acting as the employer's agent primarily in protection of the employer's interests. (35 Am.Jur., ''Master & Servant,'' § 111, pp. 539-540.) It is true that defendant corporation could not lawfully practice medicine, but this circumstance should not affect the application of the principle of agency in an action of this character. The claim that the subject of the agency—the practice of medicine—would constitute an ultra vires act by the corporation is of no avail as a premise to escape liability voluntarily assumed by the corporation in order to gain an advantage or benefit for itself. (*Hedlund* v. *Sutter Medical Service Co.,* 51 Cal.App.2d 327, 332 [124 P.2d 878].)

It follows from the above observations that the complaint here is a sufficient pleading of a cause of action against defendant Lockheed Aircraft Corporation.

The appeal from the order denying plaintiffs' motion for a new trial is dismissed. The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.