Opinion
 

 BROWN (G. A.), P. J.
 

 In this personal injury action for damages plaintiff, Jennifer Lyn Mathews, appeals from a judgment of dismissal entered after the granting of a motion for judgment on the pleadings in favor of the defendant State of California.
 

 In sum, plaintiff alleges in her complaint that Brundage Lane and “P” Street are public streets which intersect in the City of Bakersfield, Brundage running in a generally east and west direction and “P” Street running in a generally north and south direction; that at about 3:15 p.m. on August 11, 1976, plaintiff received personal injuries as a result of a collision in the intersection between an automobile being driven by her in a westerly direction on Brundage and an automobile being negligently driven in a northerly direction on “P” Street by one Marvin Lee Parra. It is further alleged that the electric traffic signal lights at the intersection were under the control, supervision and maintenance of defendant (respondent) State of California which had a duty to keep them in working order. Plaintiff continues with allegations that on the morning of the day of the accident the respondent was informed several times “that the aforesaid traffic signal lights were malfunctioning and therefore created a highly dangerous situation at a heavily traveled intersection” but failed to remedy, repair and correct the malfunction, as a proximate
 
 *119
 
 result of which the plaintiff received the injuries complained of when the vehicle operated by plaintiff was struck broadside in the intersection by the vehicle being operated by Parra. It has been orally stipulated by counsel in open court that the complaint may be deemed amended to allege that the only defect of which complaint is made is that the electric signal controlling east-west traffic on Brundage was stuck on green (go) and the electric signal controlling north-south traffic on “P” Street was stuck on red (stop).
 

 In an effort to sustain the dismissal, respondent argues that (1) as a matter of law the condition did not constitute a dangerops condition within the meaning of Government Code
 
 [1]
 
 section 830, subdivision (a),
 
 [2]
 
 and (2) the respondent did not have actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken means to protect against the dangerous condition.
 
 [3]
 

 A motion for a judgment on the pleadings is in effect a general demurrer and the same rules apply to ruling on such a motion as apply to ruling upon a demurrer. As the court said in
 
 Morris
 
 v.
 
 Harbor Boat Building Co.
 
 (1952) 112 Cal.App.2d 882, 885-886 [247 P.2d 589]: “Appellant’s first point is that a motion for judgment upon the pleadings is, in effect, a general demurrer to the complaint, and that since the complaint herein states a cause of action, the trial court should have denied such motion. As appellant avers, ‘There is ample authority for this statement,’ as evidenced by the case of
 
 Davis
 
 v.
 
 City of Santa Ana,
 
 108 Cal.App.2d 669, 685 [239 P.2d 656], where the court says: ‘A motion by defendant for judgment on the pleadings operates as a general demurrer to the complaint, and the averments of the complaint, for the purposes of the motion, must be taken as true.’ And in
 
 Gill
 
 v.
 
 Curtis Publishing Co.,
 
 38 Cal.2d 273, 275 [239 P.2d 630] (Jan. 1952), it is said that where a judgment on the pleadings has been granted, the case should be reviewed ‘the same as would be a judgment of dismissal entered following the sustaining of a general demurrer, and the allegations in plaintiff’s
 
 *120
 
 complaint must be taken as true, and so taken the question is whether a cause of action has been stated.’ ” (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 855, pp. 2457-2458.)
 

 Malfunctioning of traffic control signals at a busy intersection can cause a situation dangerous to those traveling through the intersection and exposes the public entity responsible for the care .and maintenance of such traffic control device to potential liability.
 
 (Bady
 
 v.
 
 Detwiler
 
 (1954) 127 Cal.App.2d 321 [273 P.2d 941].)
 
 Body
 
 was decided under the Public Liability Act of 1923 as then codified in Government Code sections 53050 and 53051. Those sections were roughly parallel to the present Government Code sections 830 and 835.
 

 The state concedes that had the electric lights for control of traffic in all directions been stuck on green (go) the condition would have been a dangerous one within the meaning of section 830, subdivision (a). The state argues, however, that where, as here, the lights controlling traffic traveling on one street are stuck on go and those controlling traffic on an intersecting street are stuck on stop, the condition is not dangerous as such and that it is only rendered dangerous by reason of the negligent conduct of the third party (Parra) who drives into the intersection in violation of the stop signal. The state’s position is that before the state can be liable the dangerous condition must be one which is dangerous if all persons are using the state property carefully and that the state should not be required to anticipate that a dangerous condition will be created if the. danger can arise only by virtue of the negligent act of a third party (Parra).
 
 [4]
 
 No authority is cited for this proposition, and though there does not appear to be a case directly in point we have concluded that the state’s position is not consistent with statutory law or case precedent. Section 835 in pertinent part states: “Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injuiy, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred,
 
 99
 

 
 *121
 
 An analysis of section 835 and section 830, subdivision (a) (see fn. 2) makes clear that whether a dangerous condition exists in this context depends in part upon whether the public entity’s property is used in a manner “which ... is reasonably foreseeable” (§ 830, subd. (a)) and that the dangerous condition “created a reasonably foreseeable risk of the kind of injury which was incurred . . .” (§ 835).
 

 The state relies upon that part of section 830, subdivision (a), which requires “such property ... [to be] used with due care in a manner in which it is reasonably foreseeable that it will be used.” This phrase, however, does not require the plaintiff to prove that th§¡ third party (Parra) used the entity’s property with due care; “[r]ather, the statute means that the condition is dangerous if it creates a substantial risk of harm when used with due care by the public generally, as distinguished from the particular person charged as concurrent tortfeasor.”
 
 (Murrell
 
 v.
 
 State of California
 
 ex rel.
 
 Dept. Pub. Wks.
 
 (1975) 47 Cal.App.3d 264, 267 [120 Cal.Rptr. 812]; see also
 
 Baldwin
 
 v.
 
 State of California
 
 (1972) 6 Cal.3d 424, 428, fn. 3 [99 Cal.Rptr. 145, 491 P.2d 1121];
 
 Hayes
 
 v.
 
 State of California
 
 (1974) 11 Cal.3d 469, 472 [113 Cal.Rptr. 599, 521 P.2d 855];
 
 Quelvog
 
 v.
 
 City of Long Beach
 
 (1970) 6 Cal.App.3d 584 [86 Cal.Rptr. 127];
 
 Curreri
 
 v.
 
 City etc. of San Francisco
 
 (1968) 262 Cal.App.2d 603 [69 Cal.Rptr. 20];
 
 Callahan
 
 v.
 
 City and County of San Francisco
 
 (1967) 249 Cal.App.2d 696 [57 Cal.Rptr. 639].)
 

 Thus, if the condition of the property was such that it created a substantial risk of injury to a person using the property with due care, an injured plaintiff is not required to prove that the driver of the third party vehicle (Parra) was exercising due care at the time of the injury. That is, the third party’s negligent use does not negate the existence of a dangerous condition. What plaintiff is required to show, however, is that the condition of the property was dangerous as to him and as to the public generally. What we must determine therefore is whether in the abstract the factual situation in the case at bench could be found by the finder of fact to have created a dangerous condition without regard to the specific conduct of Parra or the plaintiff on this particular occasion.
 

 Motorist “A,” traveling on a busy roadway approaching a green (go) signal, who has no knowledge that both that signal and the red (stop) signal controlling cross traffic are stuck in those positions can be deceptively lulled into a sense of freedom from interference by cross traffic. The lack of knowledge of the malfunctioning can result in motorist “A” exercising a minimal degree of lookout for persons who may proceed
 
 *122
 
 into the intersection against the red light. Common human experience dictates that motorist “B,” traveling against the red light, will, after a period of delay in either approaching or being stopped at the red light, become aware that the red light is stuck in that position. However, experience also teaches that from exasperation and impatience, motorist “B” is likely to reduce or abandon caution and increase the risks he is willing to take in entering the intersection against the red light in the face of approaching traffic on the cross street. If motorist “A” were aware of the malfunctioning lights, his degree of apprehension and of care and lookout for cross traffic as he approaches the intersection on the green light would be heightened and multiplied in intensity and dimension. Thus, the fact that the light is stuck on red could reasonably be found to result in a greater risk to motorist “A” and to create a dangerous condition at the intersection to motorists generally. Accordingly, we cannot conclude, as did the trial court, that the condition at the intersection was not dangerous as a matter of law.
 

 Adverting to the issue of notice, the accident occurred at 3:15 p.m. and the complaint alleges the state was given notice of the malfunctioning several times during the early morning of that date. Under these allegations the issue of adequate notice within the meaning of Government Code section 835, subdivision (b), is a question of fact, not law.
 
 (Stanford
 
 v.
 
 City of Ontario
 
 (1972) 6 Cal.3d 870, 880-884 [101 Cal.Rptr. 97, 495 P.2d 425].)
 

 We conclude that looking at the four comers of the complaint and testing it as though it had been attacked by general demurrer
 
 (Rannard
 
 v.
 
 Lockheed Aircraft Corp.
 
 (1945) 26 Cal.2d 149, 151 [157 P.2d 1]), sufficient facts are stated to allege a cause of action.
 

 The judgment is reversed.
 

 Franson, J., and Hopper, J., concurred.
 

 On July 18, 1978, the opinion was modified to read as printed above. Respondent’s petition for a hearing by the Supreme Court was denied August 16, 1978.
 

 [1]
 

 All references are to Government Code sections unless otherwise indicated.
 

 [2]
 

 Section 830 provides in part: “(a) ‘Dangerous condition’ means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used.”
 

 [3]
 

 One of the conditions the plaintiff must establish to recover against a public entity is that set forth in section 835, subdivision (b), which states: “(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.”
 

 [4]
 

 Exemplifying its position, the state posits examples wherein a dangerous condition would exist: (1) a situation where the signals controlling traffic in all directions are stuck on go; (2) a situation where the asphalt oh a roadway may be deceptively thin, creating a hazard that persons traveling on the roadway, whether carefully or negligently, will break through the asphalt and drop into a hazardous hole.