[No. G001119. Fourth Dist., Div. Three. Sept. 25, 1985.]

DEMETRIOS SOFIAS, Plaintiff and Appellant, v.
BANK OF AMERICA Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976b, part II is not published, as it does not meet the standards for publication.

584

**COUNSEL**

Irsfled, Irsfled & Younger and William A. Francis for Plaintiff and Appellant.

George W. Coombe, Jr., Winslow Christian, Ullar Vitsut, Louis J. Bachleder and John M. Redmond for Defendant and Respondent.

## OPINION

**SONENSHINE, J.**—Appellant Demetrios Sofias appeals after judgment on the pleadings in favor of respondent Bank of America National Trust and Savings Association. Underlying this lawsuit is a construction dispute. The appeal requires us to consider whether the California Mechanics' Lien Law prohibits Sofias, a general contractor, from asserting rights accruing out of a construction loan agreement between the property owner and the lender.

Defendant Angelo Boussiacos (not a party to this appeal) contracted with Sofias for the construction of a restaurant. Boussiacos signed a construction loan agreement with Bank of America to obtain the necessary funds. Sofias also signed the document, agreeing as the contractor to be bound by certain provisions of the construction loan agreement.

Thereafter, problems arose in the progress of construction. Sofias' complaint blames Boussiacos. Further, Sofias claims he has not been paid for the work performed.

Sofias' suit alleges three causes of action. The first cause of action is against Boussiacos for breach of contract.[2] The second and third causes of action are against Bank of America. In the second cause of action, Sofias claims he is a third party beneficiary to the construction loan agreement between Boussiacos and Bank of America. Thus, when the bank refused to pay Sofias out of the construction loan fund for work he allegedly completed, he claims the bank breached its duty to him as a third party beneficiary. The third cause of action alleges Bank of America failed to act on a stop notice and verified statement of claim for the work performed.

Shortly before trial, Bank of America moved for judgment on the pleadings. The bank argued Sofias' second cause of action is barred by the California Mechanics' Lien Law (see Civ. Code, § 3264).[3] The court agreed and granted Bank of America judgment on the pleadings.[4]

---

[2]This cause of action remains intact and awaits trial. It is not a subject of this appeal.

[3]All further statutory references are to the Civil Code unless otherwise specified.

[4]The court granted judgment on the pleadings with respect to the third cause of action because a general contractor has no stop notice rights under the Mechanics' Lien Law. (See §§ 3159; 3162.) Sofias conceded the point and does not contest it on appeal. Consequently, we are concerned only with the second cause of action.

I

■ A motion for judgment on the pleadings is a nonstatutory but well-established procedure with the purpose and effect of a general demurrer. (*Colberg, Inc.* v. *State of California* ex rel. *Dept. Pub. Wks.* (1967) 67 Cal.2d 408, 411-412 [62 Cal.Rptr. 401, 432 P.2d 3]; *Olson* v. *County of Sacramento* (1969) 274 Cal.App.2d 316, 329 [79 Cal.Rptr. 140].) ■ Because the motion is, in effect, a general demurrer, the same rules apply. (*Mathews* v. *State of California* ex rel. *Dept. of Transportation* (1978) 82 Cal.App.3d 116, 119 [145 Cal.Rptr. 443].) Thus, to prevail on a motion for judgment on the pleadings, a defendant must show a complaint fails to state a cause of action. (*Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884, 900 [103 Cal.Rptr. 354]; see also *Rannard* v. *Lockheed Aircraft Corp.* (1945) 26 Cal.2d 149, 151 [157 P.2d 1]; Code Civ. Proc., § 430.10, subd. (e).)

■ As noted, Sofias' second cause of action was originally premised on the proposition he was a third party beneficiary to the construction loan agreement between Boussiacos and Bank of America. The bank contends section 3264 bars any such claim. We agree with the bank.

"Section 3264 of California Civil Code was . . . designed to protect investors in construction projects. Enacted as part of California's comprehensive Mechanics' Lien Law, Cal.Civ.Code § 3082 et seq., this section was drafted in response to mortgage lender protests against state court decisions holding that even after completion of construction, a lien claimant may have an equity interest in the building loan account that is prior and superior to the rights of both the lender and the builder. See M. Marsh, California Mechanics' Lien Law Handbook, § 5.27 at 182-83 (3d ed. 1979). The California legislature's solution was to limit the rights that might be asserted 'with respect to any fund for payment of construction costs.' Section 3264 provides that claims upon construction loan funds by persons furnishing services or material are confined to those based on statutory mechanics' lien and stop notice procedures, and that 'no person may assert any [other] legal or equitable right with respect to such fund, other than a right created by direct written contract between such person and the person holding the fund.'" (*Pankow Const. Co.* v. *Advance Mortg. Corp.* (9th Cir. 1980) 618 F.2d 611, 614, fn. omitted.)[5] ■ Hence, "section 3264 abolishes all theories of equitable liens or trust funds." (*Boyd & Lovesee Lumber Co.* v. *Western Pacific Financial Corp.* (1975) 44 Cal.App.3d 460, 465

---

[5]*Pankow* came under federal court jurisdiction by virtue of diversity of citizenship, title 28 United States Code section 1332. (See *id.*, at p. 613.)

[118 Cal.Rptr. 699], cited with approval in *Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803, 827, fn. 25 [132 Cal.Rptr. 477, 553 P.2d 637]; see also *Pankow Const. Co.* v. *Advance Mortg. Corp., supra,* 618 F.2d at pp. 614-615.)

Based on the foregoing, the Ninth Circuit concluded Pankow could not predicate a claim for relief on the assertion it was a third party beneficiary to a construction loan agreement. ■ "By definition a third party beneficiary does not rely upon a right 'created by direct written contract'. See Cal.Civ.Code § 3264." (*Pankow Const. Co.* v. *Advance Mortg. Corp., supra,* 618 F.2d 611, 616.)

■ Even in the absence of the *Pankow* opinion, we would hold Sofias is not a third party beneficiary to the construction loan agreement. ■ A contract made expressly for the benefit of a third person may be enforced by that person at any time before the parties rescind it. (§ 1559.) But a third party beneficiary must show the contract was made *expressly* for his or her benefit. (*R. J. Cardinal Co.* v. *Ritchie* (1963) 218 Cal.App.2d 124, 135 [32 Cal.Rptr. 545]; *City of San Francisco* v. *Western Airlines* (1962) 204 Cal.App.2d 105, 120 [22 Cal.Rptr. 216].) " '[E]xpressly' means 'in an express manner; in direct or unmistakable terms; explicitly; definitely; directly.' " (*R. J. Cardinal Co.* v. *Ritchie, supra,* 218 Cal.App.2d at p. 135; see also *Watson* v. *Aced* (1957) 156 Cal.App.2d 87, 91-92 [319 P.2d 83].) "[A]n intent to make the obligation inure to the benefit of the third party must have been clearly manifested by the contracting parties." (*Shutes* v. *Cheney* (1954) 123 Cal.App.2d 256, 262 [266 P.2d 902].)

■ The construction loan agreement stated "no other person or persons shall have any right or action hereon." Even Boussiacos, a party, could not assign his rights without Bank of America's written consent. No benefit directly flowed to Sofias by virtue of the contract. His "benefit," i.e., the ability to undertake the construction project because Boussiacos obtained funds to pay him, was merely incidental to the construction loan agreement. He is not a third party beneficiary.

II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is reversed and the matter is remanded to permit Sofias to

---

*See footnote 1, *ante.*

amend his pleadings on the second cause of action. The judgment is affirmed on the third cause of action.

Trotter, P. J., and Wallin, J., concurred.