BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE NELL SOTO, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following questions:
1. Are the Military and Veterans Code provisions granting employment related benefits during temporary military leaves of absence applicable to persons who seek leaves of absence for service in the militia of another state?
2. Under the Military and Veterans Code provisions relating to temporary leaves of absence for military duty, do 172 working hours constitute "30 calendar days"?
 CONCLUSIONS
1. The Military and Veterans Code provisions granting employment related benefits during temporary military leaves of absence are not applicable to persons who seek leaves of absence for service in the militia of another state.
2. Under the Military and Veterans Code provisions relating to temporary leaves of absence for military duty, "30 calendar days" consists of the number of working hours the employee would ordinarily work during the 30 calendar days. For a person who works 40 hours each week, 30 calendar days consists of 21.5 working days or 172 working hours.
 ANALYSIS
The California Military Department is comprised of "the office of the Adjutant General, the California National Guard, the State Military Reserve, the California Cadet Corps, and the Naval Militia." (Mil. 
Vet. Code, § 51)[1] The National Guard, the State Military Reserve and the Naval Militia "constitute the active militia" of the state. (§ 120.)
The two questions presented for resolution concern the granting of certain employment related benefits to employees who receive military leaves of absence from their employers. The first deals with who is eligible for the benefits, and the second deals with the length of time the benefits are to be provided.
1. Service in Another State's Militia
The first question concerns employees who are residents of California and working in California but who are members of the militia of another state. Are they entitled to the employment related benefits prescribed by the Legislature when they seek leaves of absence for service in another state's militia? We conclude that they are ineligible for the benefits established under California law.
Section 395.05, subdivision (a) provides:
"(a) Any public employee who is a member of the National Guard, shall be entitled to absent himself from his duties or service, without regard to the length of his public service, while engaged in the performance of ordered military or naval duty and while going to and returning from such duty, provided such duty is performed during such time as the Governor may have issued a proclamation of a state of extreme emergency or during such time as the National Guard may be on active duty in one or more of the situations described or included in Section 146 of this code provided such absence does not exceed the duration of such emergency. During the absence of such officer or employee while engaged in such military service during such emergency and while going to and returning from such duty, and for a period not to exceed 30 calendar days, he shall receive his salary or compensation as such officer or employee and shall not be subjected by any person directly or indirectly by reason of such absence to any loss or diminution of vacation or holiday privilege or be prejudiced by reason of such absence with reference to promotion or continuance in office, employment, reappointment to office, or reemployment."
Similar to section 395.05's limitation of employment related benefits to "a member of the National Guard," other statutes granting such benefits refer to a "person belonging to or on duty with the active duty of the state, or on call of the Governor in pursuance of an order of the President of the United States" (§390), a "member of the active militia" (§391), "[m]embers of the militia in the active service of the State (§ 392), "an active member of the militia or a member of the militia in active service" (§ 393, subd. (a)), "an officer or enlisted man or woman of the California National Guard" (§ 395.04) and "[e]very officer and enlisted member of the California National Guard" (§395.06). It is clear by their express terms that these statutes are inapplicable to someone who is a member of another state's militia and seeking a military leave of absence for such militia service.
Other statutes granting employment related benefits are limited to "a member of the reserve corps or force of the armed forces of the United States, or the National Guard, or the Naval Militia" (§389, subd. (a)), "any officer, warrant officer or enlisted member of the military or naval forces of the state or of the United States" (§ 394, subds. (a), (b)), "any officer or enlisted member of the Army or Navy of the United States or of the military or naval forces of this state" (§ 394, subd. (c)), "an officer, warrant officer, or enlisted member of the military or naval forces of this state" (§ 394, subd. (d), "duty in the National Guard or Naval Militia" (§394, subd. (e)(l)), "membership in the military or naval forces of this state or of the United States" (§ 394, subd. (f), "a member of a reserve component of the armed forces of the United States," "a member of the National Guard or Naval Militia," "a member of the armed forces of the United States" (§395.02), "a member of the California National Guard or a United States Military Reserve organization" (§§ 395.07, subd. (a), 395.08, subd. (a)), "a member of any reserve force or corps of any of the armed forces of the United States or of the militia of this state" (§ 395.1, subd. (a)), "the active military service of the United States of America or of the State of California," "full time paid service of the American Red Cross," "service in the Merchant Marine" (§ 395.2), "the armed forces of the United States or in the armed forces of this state" (§395.3) and "the armed forces of the United States" (§§ 395.4, 395.8). In addition, sections 395.01 and 395.03 contain no independent reference but follow the principal provision, section395, in providing employment related benefits for service in the military or naval forces of this state or of the United States. None of these statutes refer to service in the militia of another state. (Cf. 16 Ops.Cal.Atty.Gen. 211, 214 (1951).)[2]
The Legislature has not identified service in another state's militia as a grounds for obtaining the employment related benefits in question. Accordingly, it is concluded that the employment related benefits granted in sections 389-395.8 are not applicable to persons who seek leaves of absence for service in the militia of another state.[3]
2. 30 Calendar Days
The second inquiry is whether 172 working hours may be considered "30 calendar days" within the meaning of section 395.01, subdivision (a), which provides in part as follows:
"Any public employee who is on temporary military leave of absence for military duty ordered for purposes of active military training, inactive duty training, encampment, naval cruises, special exercises, or like activity as such member, provided that the period of ordered duty does not exceed 180 calendar days including time involved in going to and returning from the duty, and who has been in the service of the public agency from which the leave is taken for a period of not less than one year immediately prior to the day on which the absence begins, is entitled to receive his or her salary or compensation as a public employee for the first 30 calendar days of any such absence. . . .
We conclude that 172 working hours may constitute 30 calendar days. However, we note that the calculation must provide the same amount of compensation as the employee would ordinarily be paid had he or she not received the military leave of absence.
Preliminarily, we observe that a corollary provision of section395.01 is found in Government Code section 19775.1
covering state civil service employees. The latter statute provides:
"An employee who is granted a short-term military leave of absence for active military duty . . . and who for a period of not less than one year immediately prior to the effective date of active duty has had continuous state service . . . shall be entitled to receive his or her salary or compensation for the first 30 calendar days of active duty served during the absence.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Interpreting the words "30 calendar days" in Government Code section19775.1, the court in Peters v. State of California (1987)188 Cal.App.3d 1421, 1426-1427, stated:
"It is a "well-established principle of statutory interpretation that if no ambiguity, uncertainty, or doubt about the meaning of a statute appears, the provision is to be applied according to its terms without further judicial construction. [Citation.]' [Citation.] The plain English language meaning and interpretation of the statute providing compensation for the first 30 calendar days of active duty and the apparently obvious intention of the statute seems clearly to have been to provide to the employee the same compensation he would have received from his state employment during those 30 calendar days had he not been on active military duty. By plain logic and common sense, that would mean the number of hours the employee would have ordinarily worked during those first 30 calendar days. This would be true whether the employee is paid by the day, week or month or by the hour. . . . If the Legislature had intended that the state employee be entitled to pay for 30 working days, the Legislature is perfectly capable of saying so and the use of the term "30 calendar days' requires exactly the opposite result. . . ."
We are directed by the Supreme Court to "interpret a statute in context, examining other legislation on the same subject, to determine the Legislature's probable intent. [Citations.]" (California TeachersAssn. v. Governing Bd. of Rialto Unified School Dist. (1997)14 Cal.4th 627, 642.) A "word or phrase, or its derivatives, accorded a particular meaning in one part or portion of a law, should be accorded the same meaning in other parts or portions of the law." (Miranda v. NationalEmergency Services, Inc. (1995) 35 Cal.App.4th 894, 905.) "`Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991)53 Cal.3d 315, 323.)
Following these principles of statutory construction, we adopt the meaning of the term "30 calendar days" as stated in Peters. (See Bowersv. City of San Buenaventura (1977) 75 Cal.App.3d 65, 74; 74 Ops.Cal.Atty.Gen. 190, 192, fn. 2 (1991); 69 Ops.Cal.Atty.Gen. 185, 186, fn. 3 (1986).) Accordingly, "30 calendar days," within the meaning of section 395.01, consists of the number of hours the employee would ordinarily work during that period. For an employee who works a normal 40 hours each week, "30 calendar days" would consist of 21.5 working days or 172 working hours. Any portion less than 30 calendar days would be treated similarly; an employee would be entitled to whatever compensation he or she would ordinarily earn during the length of the military leave. For example, an hourly worker who earns no compensation on weekends and takes 15 consecutive days of military leave would be entitled to be paid for the 11 paid days that fall within the 15-day period. For a salaried worker, the monthly compensation would be multiplied by the days of military leave divided by 30.
It is concluded that under the Military and Veterans Code provisions relating to temporary leaves of absence for military duty, "30 calendar days" consists of the number of hours the employee would ordinarily work during the 30 calendar days. For a person who works 40 hours each week, 30 calendar days consists of 21.5 working days or 172 working hours.
[1] All references hereafter to the Military and Veterans Code are by section number only.
[2] The fact that certain of these employment related provisions are made applicable to the State Military Reserve Act (§§550-567; see § 566) is immaterial with respect to service in the militia of another state.
[3] The federal Uniformed Services Employment and Reemployment Rights Act (38 U.S.C. § 4301-4333) applies only to periods of federal military service. (38 U.S.C. § 4303 (16).)