Filed 2/25/22  Marriage of Torres CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

In re the Marriage of ADALBERTO and GEMMA TORRES.

ADALBERTO TORRES,

    Respondent,

    v.

GEMMA TORRES,

    Appellant.

D078469

(Super. Ct. No. DS37815)

APPEAL from an order of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed.

Melissa J. Schmitt for Appellant.

Shelly K. Pawchuk for Respondent.

Gemma Torres appeals a postjudgment order distributing the community property interest in her retirement plan and awarding her ex-husband, Adalberto Torres, attorney fees and costs as sanctions for breach of fiduciary duty.  Gemma contends the family court erred by imposing

sanctions because Adalberto did not ask for them in his request for order. We reject this contention and affirm the order.

BACKGROUND

Adalberto and Gemma divorced in 2010. The judgment of dissolution required equal division of the parties' retirement plans by a qualified domestic relations order. When Adalberto submitted such an order to Gemma's employer, the employer informed him it had distributed all the funds to Gemma and she no longer had a retirement account. Adalberto filed a request for order (RFO) and supporting declaration asking the family court to enforce the agreed distribution of retirement funds by awarding him half the amount Gemma had listed on a schedule of assets and debts. Gemma filed a responsive declaration in which she opposed Adalberto's request and stated she had withdrawn the funds from her retirement account when she was laid off and had put them in an individual retirement account (IRA). At a hearing on Adalberto's RFO, the family court continued the hearing to allow Gemma to retain counsel and ordered her not to transfer any of the funds from her IRA until further order of the court.

In the meantime, Adalberto obtained records from Gemma's employer that showed she had withdrawn substantially more from the retirement account than she had listed on her schedule of assets and debts. Adalberto therefore filed a supplemental declaration in support of the RFO in which he asked for a larger amount of Gemma's retirement funds and for attorney fees as a sanction under Family Code section 271 for her intentional withdrawal of the funds belonging to him. Adalberto also filed a memorandum of points and authorities in support of the RFO in which he argued Gemma had maliciously and fraudulently breached her fiduciary duty to him by withdrawing his share of the retirement funds, concealing the withdrawal,

2

and using the funds for her own benefit. He asked the family court to award him the entirety of her retirement funds, attorney fees, and costs. (See Fam. Code, §§ 721, subd. (b), 1100, subd. (e), 1101, subds. (g), (h).) The supplemental declaration and memorandum were served on Gemma.

Approximately one year later, the family court began an evidentiary hearing on Adalberto's RFO that occurred on portions of three days over the following year. On the first day, Adalberto's counsel identified Gemma's breach of fiduciary duty as one of the issues to be addressed, and stated the evidence would show she maliciously and fraudulently tried to deprive him of his share of her retirement funds such that sanctions were warranted. In her opening statement, Gemma's counsel did not object to inclusion of breach of fiduciary duty as an issue and instead claimed there was no breach. Adalberto's counsel called Gemma as the first witness and questioned her extensively about her management of the retirement funds, including her withdrawals and failures to inform Adalberto about them. Gemma's counsel did not object to this line of questioning. The second and third days of the hearing were not transcribed by a court reporter.

The family court heard arguments on the last day of the hearing, took the matter under submission, and later issued its findings and order after hearing. The court found the issue of whether Gemma had breached her fiduciary duty to Adalberto was properly before it and found she had done so, but not with fraud or malice. The court awarded Adalberto half of the community property interest in Gemma's retirement account, plus $28,000 for attorney fees and $2,000 for court reporter costs.

DISCUSSION

Gemma raises a single question on appeal: "Did the [family court] err when it ordered [her] to pay [Adalberto] $30,000.00 in attorney fees and

reporter's costs for breach of fiduciary duty when [he] did not plead for attorney fees and costs and/or breach of fiduciary duty in [his] moving papers?" Answering "yes," Gemma contends the order violated her right to due process of law because Adalberto's RFO and accompanying declaration provided no notice he was seeking relief for breach of fiduciary duty, the RFO was never amended, and the defect was not cured by his additional filings or the evidentiary hearing. We disagree.

The general rule is that a notice of motion must state the relief being sought and the grounds for relief. (Code Civ. Proc., § 1010; Cal. Rules of Court, rule 3.1110(a).) This requirement applies in family law proceedings (Fam. Code, § 210; Cal. Rules of Court, rule 5.2(d)), where an RFO operates as a motion and notice of motion (Cal. Rules of Court, rule 5.92(a)(1)(A)). Because due process of law requires a party be given notice and opportunity to be heard before relief is granted against the party (*Midway Venture LLC v. County of San Diego* (2021) 60 Cal.App.5th 58, 77-78; *Moore v. California Minerals etc. Corp.* (1953) 115 Cal.App.2d 834, 836-837 (*Moore*)), a court generally may consider only the grounds for relief specified in the notice of motion (*366-386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1199). That rule is not absolute, however. The failure to include a ground in the notice does not preclude relief on that ground if it was specified in the supporting papers or was raised without objection at the hearing on the motion. (*Fredrickson v. Superior Court* (1952) 38 Cal.2d 593, 598 (*Fredrickson*); *Lohman v. Lohman* (1946) 29 Cal.2d 144, 151; *Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1277 (*Kinda*); *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1126-1127 (*Luri*).)

This case falls within the exceptions that allow a court to award relief not specified in a notice of motion. Adalberto's failure to include a request for

4

attorney fees and costs for Gemma's breach of fiduciary duty in the RFO and accompanying declaration can be excused because Adalberto did not know about the breach when he filed those papers. He discovered it when he later obtained Gemma's retirement account records from her former employer. Adalberto then filed a supplemental declaration and a memorandum of points and authorities accusing Gemma of breach of fiduciary duty, requesting attorney fees and costs, and citing statutory and case law supporting the request. Adalberto served these papers on Gemma more than 11 months before the evidentiary hearing started. Since the additional supporting papers "sufficiently define[d] the issues for the information and attention of the adverse party and the court" (*Hernandez v. National Dairy Products* (1954) 126 Cal.App.2d 490, 493), the family court could "treat the supporting papers as curing the defective notice" (*Luri, supra*, 107 Cal.App.4th at p. 1127). Indeed, the family court determined that filing the additional supporting papers was the "functional equivalent" of amending the RFO to seek attorney fees and costs for breach of fiduciary duty. Gemma's demand for an amended RFO was therefore effectively met. (See Civ. Code, § 3528 ["The law respects form less than substance"].)

The exception for granting relief on a ground raised without objection at a hearing on a motion also applies. On the first day of the evidentiary hearing, the only day on which a court reporter was present, Adalberto's counsel made an opening statement on Gemma's breach of fiduciary duty and extensively questioned her on that issue without objection from Gemma's counsel. Gemma contends her "counsel did raise an objection during *unrecorded* proceedings" (italics added), but without a reporter's transcript or settled statement containing the objection, she has not preserved the contention for appeal and we must resolve it against her. (*Jameson v. Desta*

5

(2018) 5 Cal.5th 594, 609; *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8-9.) Gemma's counsel made an opening statement in which she disputed the allegations of breach of fiduciary duty, claiming there was no nondisclosure concerning the retirement account and adequate funds had been maintained to pay Adalberto his share. The family court's findings and order after hearing indicate Gemma presented evidence and argument on the issue later in the hearing. It thus appears Gemma had a fair opportunity to litigate the breach of fiduciary duty claim and related remedies and may not now complain their omission from the RFO deprived her of that opportunity. (*Fredrickson, supra*, 38 Cal.2d at p. 598; *Kinda, supra*, 247 Cal.App.4th at p. 1278.)

Finally, we reject Gemma's argument the family court erred by relying on *Moore, supra*, 115 Cal.App.2d 834, for the proposition that "[d]ue process requires affording a litigant a reasonable opportunity, by continuance or otherwise, to respond to evidence or argument that is new, surprising, and relevant." In *Moore*, the Court of Appeal reversed a judgment on the pleadings against the defendant when the plaintiff had made no such motion; the "ruling came as a surprise to defense counsel, who had no opportunity to point out the sufficiency of the answer to raise an issue [of fact]"; and the "parties were prepared to go to trial, and but for the precipitate and unexpected action of the court would have done so." (*Id.* at p. 836.) The Court of Appeal stated: "Elementary principles of due process support our conclusion that if, during a trial, the court, *sua sponte*, unearths a point of law which it deems to be decisive of the cause, the party against whom the decision impends has the same right to be heard before the decision is announced that he has to produce evidence upon the issues of fact." (*Id.* at p. 837.) Gemma says *Moore* "does not apply" because "Adalberto did not ask

the [family court] to force [her] to respond to evidence or argument that was new, surprising or relevant. [He] asked the [c]ourt to order [her] to pay him tens of thousands of dollars i[n] sanctions, a form of relief he did not seek in his moving papers." Due process, however, is not about *forcing* a party to respond to evidence or argument before judicial action is taken against the party. It is about giving the party *notice* of the requested action and an *opportunity to be heard* before the action is taken. That was the point the family court was making by citing *Moore*, and we agree with its conclusion the post-RFO papers Adalberto filed and served to request attorney fees and costs for Gemma's breach of fiduciary duty and the evidentiary hearing on those matters satisfied due process requirements.

DISPOSITION

The order is affirmed. Respondent is entitled to recover his costs on appeal.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

7